AFFIRM; Opinion Filed April 8, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-12-01482-CR

### AARON DESHON WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 30403-422**

---

# MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Myers

A jury convicted Aaron Deshon Williams of aggravated robbery with a deadly weapon and assessed punishment at twenty years' imprisonment and a $2,000 fine. In a single point of error, appellant contends the evidence is insufficient to uphold the conviction. We affirm the trial court's judgment.

APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443

U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant, (1) in the course of committing theft and with intent to obtain or maintain control of the property, (2) intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death, and (3) he used or exhibited a deadly weapon, a handgun, during the commission of the offense. *See* TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(2) (West 2011). A firearm is a deadly weapon. *Id.* § 1.07(a)(17).

## EVIDENCE PRESENTED

Fahed Khattar Fatayri owns a gas station in Terrell. Fatayri testified that on November 23, 2009, a man entered the station wearing a gorilla mask, pointed a gun at Fatayri's head, and demanded money. Fatayri, who was standing near a coffee machine, told the man that the money was in the register. When the man turned toward the register, Fatayri pulled out his own gun and fired one shot. The man fled the store. Fatayri chased after the man around to the back of the building. He saw the man run across a vacant area for about one block, then get into the passenger seat of a waiting green truck. Fatayri testified he recognized the truck because it came to his station daily for gas. After the truck drove off, Fatayri returned to the store and called the police. A recording from surveillance cameras mounted inside the store was played to the jury.

Terrell police officer Jason Whitworth arrived at the gas station a short time after Fatayri called the police. Whitworth testified he secured the scene and called for additional officers. Whitworth he did not see anyone in the area. Terrell police officer David Bridges testified he

approached the gas station from the back area to see if he could locate a suspect. Bridges did not see anyone in the area, but he did see a Halloween mask in a lot "a couple hundred yards" behind the station. Bridges testified he stayed with the mask until crime scene officers arrived, and that no one touched or tampered with the mask.

Erica Angel, a civilian employee with the Crime Scene Unit, testified she photographed the interior of the gas station, collected a cigarette butt from outside the front door, and collected a mask that had a red bandana on it from a lot behind the station. Xaviar Aranda, a forensic scientist with the Garland Crime Lab, testified the mask found behind the gas station had a red bandana "knotted" on it. Aranda testified he found several stains on the bandana that tested positive for human blood. He preserved the stains, along with swabbings from the inside and outside of the mask, and sent all those samples to a DNA analyst.

Amber Moss, a DNA expert, testified that DNA is a person's genetic blueprint, and each person has a different DNA profile, except for identical twins. DNA testing involves looking at fifteen different areas on different chromosomes of the DNA. Moss testified she performed DNA analysis on two of the stains found on the bandana and on the swabs taken from the mask. The DNA profiles from the stains matched the profile from the mask, meaning that only one individual contributed the DNA for all three samples. Moss testified she used a database to generate a report on a possible suspect; the report listed appellant as a potential suspect. Moss testified appellant's DNA profile from a buccal swab matched the profiles found on the bandana and the mask. Moss said her statistical analysis showed that "with a reasonable degree of scientific certainty" appellant was the source of DNA found on the bandana stains and the mask. Moss's written report was admitted into evidence. Moss also testified that DNA on an item can be found years after being deposited as long as the item is preserved.

DISCUSSION

Appellant contends the evidence is insufficient because Moss identified appellant as the depositor of the DNA found on the mask and bandana based upon calculations pertaining to the "Caucasian" population. Appellant asserts that because he is black and not Caucasian, Moss's calculations were based on the wrong data and, thus, her deductions are faulty. Appellant also argues that because no one testified regarding how long the blood stain had been on the bandana, or that the person wearing the mask was injured or cut during the robbery, the evidence is insufficient to support the conviction.

Moss's laboratory report stated her DNA analysis calculated the likelihood of finding a random individual, other than appellant, as the depositor of the DNA found on the bandana and mask from three "North American population groups, Caucasian, Black, and Hispanic. The jury heard Moss's testimony in which she used the statistical number that was generated within the Caucasian group as an example. Appellant's assertion ignores the fact that Moss told the jury she calculated the probabilities in all three racial groups. Further, the jury heard Moss's testimony that DNA can remain detectable on an item for years after being deposited if the item is preserved.

It was the jury's role, as the fact-finder in this case, to resolve any conflicts in the evidence, and to accept or reject any and all of the evidence presented by either side. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The jury could reasonably conclude that appellant was the person who was wearing the mask. Having reviewed all of the evidence under the appropriate standard, we conclude it is sufficient to support the jury's verdict. We overrule appellant's sole point of error.

-4-

We affirm the trial court's judgment.

/s/ Lana Myers

LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
121482F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON DESHON WILLIAMS,
Appellant

No. 05-12-01482-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 422nd Judicial District
Court of Kaufman County, Texas
(Tr.Ct.No. 30403-422).
Opinion delivered by Justice Myers,
Justices Bridges and FitzGerald
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered April 8, 2013.

_____
LANA MYERS
JUSTICE